<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| TYRONE NURKITT, | Civil Action No. 13-2981 (WJM) |
| Plaintiff, | |
| v. | OPINION |
| PAUL DANIELLE, | |
| Defendants. | |

**APPEARANCES**:

    TYRONE NURKITT, 9028950
    Essex County Correctional Facility
    354 Doremus Avenue
    Newark, NJ 07105
    Plaintiff *Pro Se*

<u>**MARTINI, District Judge**</u>:

    Tyrone Nurkitt seeks to file a Complaint asserting a claim under 42 U.S.C. § 1983 against his Public Defender without prepayment of the filing fee. This Court will grant Plaintiff's application to proceed *in forma pauperis.*[1] For the reasons expressed in this Opinion, and as required by 28 U.S.C. § 1915(e)(2)(B), this Court will dismiss the Complaint.

### I.  BACKGROUND

    Tyrone Nurkitt, who is confined at Essex County Correctional Facility, brings this Complaint for violation of his constitutional rights under 42 U.S.C. § 1983 against Paul Danielle,

---

[1] On May 22, 2013, this Court denied without prejudice Plaintiff's application to proceed *in forma pauperis* because he did not sign the affidavit and he did not include a six-month prison account statement. Plaintiff thereafter submitted a signed affidavit and an account statement.

his Public Defender. He asserts that he is incarcerated on the charge of armed robbery and, although his co-defendants have been in released, Plaintiff remains incarcerated. He claims that Paul Danielle "has not represented [him] well," and has not explained why Plaintiff has not been released, as his co-defendants have. (Complaint, ECF No. 1 at 6.)

## II.   STANDARD OF REVIEW

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a person is proceeding *in forma pauperis, see* 28 U.S.C. § 1915(e)(2)(B), or a prisoner seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b). The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* This action is subject to *sua sponte* screening for dismissal under these statutes because Plaintiff is proceeding *in forma pauperis*.

"[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim[2], the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

---

[2] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)).

inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

### III.   DISCUSSION

A.   <u>Federal Jurisdiction</u>

Federal courts are courts of limited jurisdiction. *See Mansfield, C. & L. M. Ry. Co. v. Swan*, 111 U.S. 379, 383 (1884). "[T]hey have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541 (1986). Section 1983 of Title 42 of the United States Code provides a cause of action for violation of constitutional rights by a person acting under color of state law.[3] To recover under § 1983, a plaintiff must show two elements: (1) a person deprived him or caused him to be deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

---

[3] The statute provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

"Although a [person] may cause a deprivation of . . . a right, [he] may be subjected to liability under § 1983 only when [he] does so under color of law." *Mark v. Borough of Hatboro*, 51 F.3d 1137, 1141 (3d Cir. 1995) (quoting *Flagg Brothers, Inc. v. Brooks*, 436 U.S. 149, 156 (1978)). In *Polk County v. Dodson*, 454 U.S. 312 (1981), the Supreme Court held that a public defender, although paid and ultimately supervised by the state, does not act under color of state law for the purposes of § 1983 when performing the traditional functions of counsel to a criminal defendant. *See Vermont v. Brillon,* 556 U.S. 81, 91 (2009) ("Unlike a prosecutor or the court, assigned counsel ordinarily is not considered a state actor"); *Angelico v. Lehigh Valley Hospital, Inc*., 184 F.3d 268, 277 (3d Cir. 1999) (private attorneys were not acting under color of state law when they issued subpoenas); Calhoun v. Young, 2008 WL 2944638 (3d Cir. Aug. 1, 2008) (public defender representing criminal defendant is not acting under color of state law); *see also Gause v. Haile,* 2014 WL 199260 *2 (3d Cir. Mar. 21, 2014); Chambers v. Hughes*, 532 F. App'x 86 (3d Cir. 2013); *Murphy v. Bloom*, 443 F. App'x 668 (3d Cir. 2011). Because the acts and omissions complained of in regard to Paul Danielle concern the traditional functions of a criminal defense attorney, Danielle was not acting under color of state law, and the Complaint fails to state a claim under 42 U.S.C. § 1983.[4] Because the named defendant is not subject to suit under § 1983 for alleged violation of Plaintiff's constitutional rights, this Court will dismiss the Complaint for failure to state a claim upon which relief may be granted.

B.   Amendment

A District Court generally grants leave to correct the deficiencies in a complaint by amendment. *See DelRio-Mocci v. Connolly Properties Inc.,* 672 F.3d 241, 251 (3d Cir. 2012);

---

[4] To the extent Plaintiff claims that Danielle denied his right to the effective assistance of counsel pursuant to the Sixth Amendment, such a claim may only be brought under 28 U.S.C. § 2254 after the exhaustion of state court remedies. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973).

4

*Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000).   However, in this case, the Court will not grant Plaintiff leave to amend the Complaint because amendment would be futile, since nothing in the Complaint suggests that Danielle was acting under color of state law in representing Plaintiff.

### III.   CONCLUSION

For the reasons set forth in this Opinion, this Court will grant Plaintiff's application to proceed *in forma pauperis* and dismiss the Complaint.

s/William J. Martini

**WILLIAM J. MARTINI, U.S.D.J.**

DATED: May 7, 2014